IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORSHON BERGMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 19 CV 6671 |
| | ) | |
| COOK COUNTY, COOK COUNTY SHERIFF | ) | |
| THOMAS DART, and COOK COUNTY CORRECTIONS | ) | |
| OFFICER SCOTT, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, CORSHON BERGMAN, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Amended Complaint against the Defendants, COOK COUNTY, COOK COUNTY SHERIFF THOMAS DART and COOK COUNTY CORRECTIONS OFFICER SCOTT, states as follows:

### Nature of Action

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on January 23, 2019.

### Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, COOK COUNTY was a municipal corporation located in the State of Illinois in this Judicial District and COOK COUNTY SHERIFF THOMAS DART was

1

the duly elected Sheriff of Cook County in this Judicial District. At all relevant times, the Office of the COOK COUNTY SHERIFF THOMAS DART was the employer of Defendant COOK COUNTY CORRECTIONS OFFICER SCOTT. Defendant COOK COUNTY CORRECTIONS OFFICER SCOTT was at all relevant times employed by the Office of the COOK COUNTY SHERIFF THOMAS DART as a duly appointed CORRECTIONS OFFICER acting within the course and scope of his employment and under color of law. Defendant COOK COUNTY CORRECTIONS OFFICER SCOTT is being sued in his individual capacity with respect to the federal claim. The state claims against COOK COUNTY SHERIFF THOMAS DART are being advanced both on a *respondeat superior* basis, as that Office is the employer of Defendant SCOTT, and pursuant to Illinois' indemnification statute.

5.  All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6.  On January 23, 2019, Defendant COOK COUNTY CORRECTIONS OFFICER SCOTT used force on the Plaintiff while acting within the course and scope of his employment for THOMAS DART SHERIFF OF COOK COUNTY.

7.  On January 23, 2019, the Plaintiff was an inmate in the Cook County Department of Corrections. COOK COUNTY CORRECTIONS OFFICER SCOTT, as part of his duties on said date, was charged with the well-being, safety, and continued incarceration of the Plaintiff, a pre-trial detainee, in the Cook County Department of Corrections. The Plaintiff posed no threat of danger to COOK COUNTY CORRECTIONS OFFICER SCOTT at any time on January 23, 2019. The Plaintiff did not resist or obstruct COOK COUNTY CORRECTIONS OFFICER SCOTT'S acts at any time on said date. On the above-referenced date, the Plaintiff was in his cell in the

Cook County Department of Corrections when he interacted with Defendant SCOTT. At that time and place, without warning, provocation or legal justification, Defendant SCOTT threw an object at the Plaintiff. By doing so, Defendant SCOTT fractured the Plaintiff's hand.

8. On January 23, 2019, without warning, provocation, or legal justification, COOK COUNTY CORRECTIONS OFFICER SCOTT used force upon the Plaintiff. COOK COUNTY CORRECTIONS OFFICER SCOTT'S acts were intentional and/or willful and wanton and/or unreasonable.

9. The January 23, 2019 use of force on the Plaintiff was done without legal justification and without probable cause.

10. The Plaintiff suffered injuries and bodily harm due to the force used against him.

11. There was no probable cause or legal justification to use the amount of force utilized by COOK COUNTY CORRECTIONS OFFICER SCOTT against the Plaintiff. The Plaintiff's conduct before, during and after the use of force did not warrant the amount of force used by COOK COUNTY CORRECTIONS OFFICER SCOTT.

12. At the time that force was used against the Plaintiff, COOK COUNTY CORRECTIONS OFFICER SCOTT knew, or should have known, that there was no probable cause or legal justification to use the amount of force that was used against the Plaintiff.

### COUNT I - 42 U.S.C. §1983
### Excessive Force – COOK COUNTY CORRECTIONS OFFICER SCOTT

13. The Plaintiff re-alleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

14. As described above, COOK COUNTY CORRECTIONS OFFICER SCOTT used excessive force against the Plaintiff.

15. The misconduct was undertaken by COOK COUNTY CORRECTIONS OFFICER SCOTT under color of law, under the course and scope of his employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

16. The acts of COOK COUNTY CORRECTIONS OFFICER SCOTT were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

17. As a direct and proximate result of the acts of COOK COUNTY CORRECTIONS OFFICER SCOTT, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CORSHON BERGMAN, prays for judgment in his favor and against the Defendant, COOK COUNTY CORRECTIONS OFFICER SCOTT, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

**COUNT II – Illinois State Law**
*Respondeat Superior* **Battery – THOMAS DART SHERIFF OF COOK COUNTY**

18. The Plaintiff re-alleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. As described above, Defendant, COOK COUNTY SHERIFF THOMAS DART, by and through its employee COOK COUNTY CORRECTIONS OFFICER SCOTT, who was acting in the course and scope of his employment, intended to cause, and did cause, harmful and/or offensive contact of the Plaintiff without legal justification and/or probable cause.

20. As a proximate result of the aforementioned intentional, harmful and/or offensive conduct of Defendant, COOK COUNTY SHERIFF THOMAS DART, by and through its employee COOK COUNTY CORRECTIONS OFFICER SCOTT, who was acting in the course

and scope of his employment, the Plaintiff was injured; has endured and will in the future endure physical and emotional pain and suffering; has become disfigured and disabled; has suffered a loss of his normal life and/or disability; and has incurred and will in the future incur expenses for hospitalizations, medical care, rehabilitative care and other related medical costs.

21. The above-referenced misconduct was undertaken by COOK COUNTY CORRECTIONS OFFICER SCOTT under color of law and under the course and scope of his employment, and was undertaken intentionally. Pursuant to the doctrine of *respondeat superior*, as the employer of Defendant SCOTT, COOK COUNTY SHERIFF THOMAS DART is liable to the Plaintiff for Defendant SCOTT's actions/interaction with the Plaintiff, as outlined above.

WHEREFORE, the Plaintiff, CORSHON BERGMAN, prays for judgment in his favor and against the Defendant, COOK COUNTY SHERIFF THOMAS DART, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

### Count III- Illinois State Law
### Indemnification- COOK COUNTY AND THOMAS DART SHERIFF OF COOK COUNTY

22. The Plaintiff realleges Paragraphs 1 through 21, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 22.

23. At all relevant times the Defendant Officer was acting under color of law and under the course and scope of his employment.

24. The Defendant, THOMAS DART SHERIFF OF COOK COUNTY, pursuant to Illinois law, including, but not limited to the provisions found in 55 ILCS 5/3-6015, 55 ILCS 5/3-6016 and 745 ILCS 10/9-102, is liable as principal for all torts committed by his employees/agents and must indemnify them.

5

25. The Defendant, COOK COUNTY, pursuant to Illinois law, including, but not limited to the provisions found in 55 ILCS 5/5-1002, 745 ILCS 10/9-102 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), must indemnify the Defendants, COOK COUNTY SHERIFF THOMAS DART and COOK COUNTY CORRECTIONS OFFICER SCOTT.

WHEREFORE, the Plaintiff, CORSHON BERGMAN, pursuant to 55 ILCS 5/3-6015, 55 ILCS 5/3- 6016, 55 ILCS 5/5-1002, 745 ILCS 10/9-102 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), demands judgment against Defendants, THOMAS DART SHERIFF OF COOK COUNTY, and COOK COUNTY, in the amounts awarded to the Plaintiff against COOK COUNTY SHERIFF THOMAS DART and COOK COUNTY CORRECTIONS OFFICER SCOTT, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

**CERTIFICATE OF SERVICE**

    The undersigned, attorney of record herein, hereby certifies that on January 15, 2020 this **AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, along with judge's courtesy copies being delivered; which will send notification of such filing to: Bianca Brown at bianca.brown@cookcountyil.gov.

    s/ Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 West Jackson, Suite 252
Chicago, Illinois 60604
312-212-1200
bfoutris@foutrislaw.com