IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CORSHON BERGMAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-cv-6671 |
| ) | |
| COOK COUNTY, COOK COUNTY ) | Judge Jorge L. Alonso |
| SHERIFF TOM DART, and COOK ) | |
| COUNTY CORRECTIONS OFFICER ) | |
| SCOTT ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Corshon Bergman brings claims under 42 U.S.C. § 1983 and state law against Defendants Cook County, County Sheriff Tom Dart, and Cook County Corrections Officer Scott after Defendant Scott allegedly used excessive force on Bergman in January 2019. Defendants now move to dismiss Bergman's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Defendants' motion [20] is denied in its entirety.

## BACKGROUND

Except where otherwise noted, the Court takes the following facts from Bergman's Amended Complaint. (*See generally* Pltf.'s Am. Compl., ECF No. 19.) These facts are accepted as true for purposes of deciding the instant motion. *Lavalais v. Village. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).

In January 2019, Bergman was an inmate at the Cook County jail. Defendant Scott worked as a correctional officer at the jail, and Defendant Tom Dart was the elected Sheriff of Cook County. Bergman alleges that on January 23, 2019, he was sitting in his cell when, "without warning, provocation or legal justification," Defendant Scott threw an object at Bergman, thereby

fracturing Bergman's hand. Bergman further alleges that, at the time Defendant Scott threw the object, Scott knew or should have known "that there was no probable cause or legal justification to use the amount of force that was used against [Bergman]."

In October 2019, Bergman filed suit against defendants and filed an amended complaint in January 2020. Bergman's amended complaint pleads three claims: (1) an excessive force claim under 42 U.S.C. § 1983 against Defendant Scott; (2) a state law *respondeat superior* claim for battery against Defendant Dart; and (3) a state law indemnification claim against Defendants Dart and Cook County. Defendants now move to dismiss Bergman's amended complaint in its entirety for failure to state a claim.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under federal notice-pleading standards, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

**DISCUSSION**

In their motion, defendants raise two bases for dismissal. First, defendants argue that Bergman fails to allege facts sufficient to meet the *Iqbal*/*Twombly* plausibility standard regarding his § 1983 excessive force claim and that, accordingly, the entire Amended Complaint must be dismissed. Second, defendants argue that Bergman's state law battery claim against Defendant Dart must be dismissed for multiple reasons. For the reasons that follow, the Court disagrees.

**I.      Section 1983 Claim**

In Count I, Bergman asserts an excessive force claim against Defendant Scott pursuant to 42 U.S.C. § 1983. Defendants argue that Bergman fails to state plausibly his claim; defendants say that Bergman engages in impermissibly "vague and ambiguous" group pleading and fails to "allege enough facts to establish [that defendants] used excessive force." (*See* Defs.' Mot. to Dismiss, ECF No. 20.) The Court disagrees and finds Bergman clearly alleges facts sufficient to state a § 1983 excessive force claim.

As mentioned above, to meet the so-called "plausibility" standard articulated in *Iqbal* and *Twombly*, Bergman must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678. Importantly, although a plaintiff must do more than allege "[t]hreadbare recitals of the elements of a cause of action," *id.*, "*specific* facts are not necessary." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (emphasis added). To prevail on his excessive force claim, Bergman must prove that Defendant Scott purposefully or knowingly used force that was "objectively unreasonable" under the circumstances. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Bergman has alleged facts, which if proven true, would permit him to recover on his claim. In relevant part, Bergman states that on January 23, 2019, he was inside

3

his jail cell "pos[ing] no threat of danger" when, "without warning, provocation or legal justification," Defendant Scott threw an object at him and fractured his hand. (*See* ECF No. 19 at ¶¶ 7-8.) Taken as true, these facts state a plausible claim for relief. *See e.g., Huey v. Emmendorfer*, No. 3:17-cv-655-PPS-MGG, 2018 WL 1312143 at *1-2 (N.D. Ind. Mar. 19, 2018) (finding pre-trial detainee stated claim for excessive force against officers where he alleged officers struck him while he "entirely defenseless"); *Roberson v. Rock Island Cnty. Jail*, No. 17-cv-4266, 2017 U.S. Dist. LEXIS 203637, at *5 (C.D. Ill. Dec. 12, 2017) (finding inmate stated a claim for excessive force against officers where he alleged they handled him roughly and tasered him even though officers may ultimately be able to demonstrate the force used was reasonable under the circumstances). And Bergman's allegations certainly comply with Rule 8's requirement that the complaint "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Swanson*, 614 F.3d at 404 (internal quotations and citations omitted). Moreover, the Court disagrees with defendants that Bergman engages in "group pleading" that prevents this Court from determining which defendant allegedly did what. (ECF No. 20 at 4-5.) Bergman clearly alleges that only Defendant Scott threw an object that injured Bergman's hand, and this provides the basis for his § 1983 claim.

**II.     State Law Battery Claim**

In Count II, Bergman asserts a state law *respondeat superior* claim for battery against Defendant Dart. Defendants argue that the claim should be dismissed for a number of reasons. First, defendants appear to argue that the claim must be dismissed because § 1983 does not permit claims against defendants like Dart based on a *respondeat superior* theory. Second, defendants argue that the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, bars Bergman's claim. Finally, defendants argue that Section 3-6016 of Illinois' Counties Code bars Bergman's claim.

The Court need not linger long on defendants' first argument. Defendants are correct that § 1983 does not permit claims against supervisors like Dart based on a *respondeat superior* theory. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). But as the pleadings and Bergman's response makes clear, Bergman does not bring a § 1983 claim against Dart but rather only a state law battery claim. (*See* ECF No. 19 at ¶¶ 4, 18-21; *see also* ECF No. 24 at 7-8.) Illinois law does not categorically bar a battery claim against Dart based on a *respondeat superior* theory, so defendants' first argument fails. *Lopez v. Dart*, No. 06 C 4836, 2008 WL 4889088, at *5 (N.D. Ill. July 17, 2008) (rejecting identical argument).

Second, defendants argue Dart is immune from Bergman's battery claim under Illinois' Tort Immunity Act ("TIA"). More specifically, defendants argue that Dart is a "public employee" as defined by the TIA. *See* 745 ILCS 10/1-207 (defining "public employee" as "employee of a local public entity"); *see also* 745 ILCS 10/1-202 (defining "employee" as "a present or former officer, member of a board, commission or committee, agent, volunteer, servant or employee, whether or not compensated"). Defendants argue that, as a public employee, Dart is immune under Section 2-204 of the TIA, which provides "a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." 745 ILCS 10/2-204. (ECF No. 20 at 6-8.)

Defendants' argument ignores that, in interpreting the TIA, the Illinois Supreme Court has found an elected sheriff like Dart to be a "local public entity" and not a "public employee." *See Carver v. Sheriff of La Salle Cty.*, 787 N.E.2d 127, 136-138 (Ill. 2003). Defendants also ignore that this Court must adhere to that interpretation. *See Wash. State Dep't of Licensing v. Cougar Den, Inc.*, 139 S. Ct. 1000, 1010 (2019); *see also Houben v. Telular Corp.*, 309 F.3d 1028, 1032-33 (7th Cir. 2002). Indeed, many courts in this district have found that a defendant sheriff is not immune

under Section 2-204. *See Thomas ex rel. Smith v. Cook Cty. Sheriff*, 401 F. Supp. 2d 867, 875 (N.D. Ill. 2005) (finding that Cook County sheriff is not immune from plaintiff's state law wrongful death claim under Section 2-204); *see also Lopez*, 2008 WL 4889088 at *5 n.8 (rejecting Defendant Dart's argument that Section 2-204 offers immunity from plaintiff's *respondeat superior* battery claim because Dart is a "public entity" under the TIA); *Jacoby v. DuPage Cty. Ill.*, No. 12 CV 6539, 2013 WL 3233339, at *4 (N.D. Ill. June 26, 2013) (explaining that Section 2-204 does not immunize defendant sheriff from plaintiff's state law tort claim because sheriff was sued in his official capacity and thus, was a "local public entity" and not a "public employee" under the TIA).[1]

Additionally, defendants make fleeting references to two other provisions of the TIA, Sections 2-202 and 4-103. (*See* ECF No. 20 at 3, 8.) To the extent defendants argue these provisions separately provide immunity, they fail to adequately develop their arguments and thus waive them. *Judge v. Quinn*, 612 F.3d 537, 556 (7th Cir. 2010). Moreover, regarding Section 2-202, the Court finds the plain language of this provision shows it does not apply for the same reason that Section 2-204 does not apply. 745 ILCS 2-202 ("A ***public employee*** is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.") (emphasis added). Defendants' invocation of Section 4-103 is also unavailing. In relevant part, Section 4-103 provides "[n]either a local public entity nor a public employee is liable . . . for failure to provide sufficient equipment, personnel, supervision or facilities therein . . . ." 745 ILCS 10/4-103. Without citing any legal authority, defendants

---

[1] In support of their arguments, defendants rely on *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1044 (7th Cir. 1998). This case predates *Carver*, and as such, defendants' argument borders on the frivolous. Although defendants do not make the argument, the Court notes that *Carver* may not control where a plaintiff sues a sheriff in his or her individual capacity. *See Jacoby*, 2013 WL 3233339 at *5. The Court raises this point only because Bergman fails to use the magic words "official capacity" in his Amended Complaint, but it is clear from the allegations that Bergman does, in fact, sue Dart in his official capacity. (ECF No. 19 at ¶ 4.)

apparently suggest that this provision shields Dart from a claim premised on his failure to supervise Defendant Scott, but that is not what Bergman alleges. Bergman alleges Dart is vicarious liable for Scott's affirmative act of battering Bergman. (ECF No. 4, 18-21.) As such, defendants fail to show how Section 4-103 applies here. *See Thomas ex rel. Smith*, 401 F. Supp. 2d at 876 (finding Section 4-103 did not apply because plaintiff's claim was based on defendants' willful acts of withholding medical care and not on a failure to supervise or provide certain care).[2]

Third, in arguing that Section 2-204 applies, defendants also argue that Bergman's *respondeat superior* claim is barred by Section 3-6016 of the Counties Code, which defendants argue only permits *respondeat superior* claims brought against a sheriff based on negligence. Section 3-6016 provides "[t]he Sheriff shall be liable for any neglect or omission by his or her office, when occasioned by the deputy or auxiliary deputy, in the same manner as for his or her personal neglect or omission." 55 ILCS 5/3-6016. As Bergman points out, the Illinois Appellate Court has previously rejected this exact argument, and the Court sees no indication that the Illinois Supreme Court would decide this issue differently. *Brown v. King*, 767 N.E. 2d 897, 904 (1st Dist. 2001) (holding that Section 3-6016 did not bar *respondeat superior* claims against sheriff based on intentional or willful and wanton acts of sheriff's employees); *see also Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) (noting "great weight" should be given to state appellate court decisions absent "persuasive indications" that state's highest court would decide issue differently). Accordingly, defendants' Section 3-6016 argument fails as well.

Finally, in their reply, defendants appear to raise a new argument that claims against Dart are redundant. Defendants fail to adequately develop this argument, which again, means they

---

[2] In discussing the TIA, Defendants also argue conclusively that Bergman fails to allege that defendants conduct was willful and wanton (ECF No. 20 at 8.) However, Bergman does specifically allege this, (*see* ECF No. 19 at ¶ 8), and as discussed above, Bergman alleges facts plausibly showing defendants acts were intentional and/or willful and wanton. (*See id*. at ¶¶ 7-8); *see also* 735 ILCS 10/1-210.

waive it. *Judge*, 612 F.3d at 556 (noting that "it is not the obligation of this court to research and construct legal arguments open to parties" and that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). Moreover, whatever the merits of this argument, defendants also waive it because they raise it for the first time in their reply and as such, give Bergman no opportunity to respond to it. *Kunz v. DeFelice*, 538 F.3d 667, 681 (7th Cir. 2008); *Leong v. SAP Am., Inc.*, 67 F. Supp. 3d 972, 980 n.10 (N.D. Ill. 2014).

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to dismiss [20].

**SO ORDERED.**                                  **ENTERED: August 28, 2020**

                                                                  _____
                                                                  **HON. JORGE ALONSO**
                                                                  **United States District Judge**